UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NATIONAL DISTRIBUTION CENTERS, LLC, | |
| *Plaintiff,* | Hon. Joseph H. Rodriguez |
| v. | Civil No. 22-cv-00554 |
| BARONHR WEST, INC., | **OPINION** |
| *Defendant.* | |

This matter is before the Court on the motion [Dkt. 24] of plaintiff National Distribution Centers, LLC seeking an order sealing Exhibits A, C, F, and I filed in accompaniment with its Notice of Request to Reopen the Action and Motion to Enforce Settlement Agreement [Dkt. 22]. The docket in this action reflects that no opposition has been filed in response to the motion. For the reasons set forth herein, the motion to seal will be denied.

**I.   Background**

Plaintiff National Distribution Centers, LLC, ("Plaintiff") initiated this action against Defendant BaronHR West, Inc. ("Defendant") for breach of contract and other claims arising out of Defendant's alleged failure to honor its indemnification obligations pertaining to a lawsuit in California. Judge Skahill conducted a settlement conference on June 28, 2022, at which time the parties reached a settlement in principle. The settlement conference was not conducted on the record, nor was the parties' agreement placed on the record pending execution of a written document. Instead, counsel for Plaintiff sent to Judge Skahill and counsel for Defendant an email containing the

1

material terms of the agreement between the parties. *See* Dkt. 22-1 at *2. The Court subsequently docketed an order administratively terminating the action and directing that "within 60 days after the entry of this Order (or such additional period authorized by the Court), the parties shall file all papers necessary to dismiss this action under Federal Rule of Civil Procedure 41 or, if settlement cannot be consummated, request that the action be reopened[.]" Dkt. 20.

Plaintiff timely noticed the Court of its request to reopen the action upon the parties' apparent inability to consummate the settlement within the 60-day period and thereafter moved for an order to reopen the action and enforce the parties' settlement agreement. Dkt. 21, 22. Included in Plaintiff's motion filings are certain exhibits containing settlement communications and terms, which are the subject of the instant motion to seal. These exhibits are generally described as follows:

- A copy of an email from counsel for NDC to counsel for Defendant BaronHR West, Inc. and U.S. Magistrate Judge Matthew J. Skahill, memorializing the settlement terms, dated June 28, 2022, attached as Exhibit "A."

- A copy of a draft settlement agreement emailed by counsel for BaronHR to counsel for NDC, sent on July 18, 2022, attached as Exhibit "C."

- A copy of revisions to the draft settlement agreement (Exhibit C) emailed to counsel for BaronHR by counsel for NDC, sent on August 2, 2022, attached as Exhibit "F."

- A copy of a letter counsel for NDC sent to counsel for BaronHR, dated September 8, 2022, which discusses certain of the settlement terms, attached as Exhibit "I."

*See* Dkt. 23.

Plaintiff now seeks relief under Local Civil Rule 5.3 on the asserted grounds that the settlement communications and terms are confidential, not in the public domain, and their disclosure would cause Plaintiff irreparable harm. Dkt. 22-1.

## II. Legal Standard

It is well established that there is "a common law public right of access to judicial proceedings and records." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001). Thus, when a moving party seeks an order sealing court records, it must demonstrate that "good cause" exists to overcome the presumption in favor of public access. *Securimetrics, Inc. v. Iridian Techs., Inc.*, Civ. No. 03-4394, 2006 WL 827889 (D.N.J. Mar. 30, 2006). Typically, a motion to seal is granted when the moving party's private interest to seal documents outweighs the public's interest in disclosing the information. *See CDK Global LLC v. Tulley Auto Grp., Inc.*, Civ. No. 15-3103, 2017 WL 870400, *4 (D.N.J. Mar. 3, 2017).

In this District, Local Civil Rule 5.3 governs a litigant's request to seal documents filed with the Court. Under the Local Rule, a party seeking to seal documents or to otherwise restrict public access must demonstrate: "(a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request." L. Civ. R. 5.3(c)(3).

## III. Discussion

With regard to the nature of the materials at issue, and as a threshold matter, the Court observes that the existence of an agreement in principle reached during the settlement conference and the substance of that agreement has not been disputed. As discussed, Plaintiff introduced specific information regarding the agreement in

3

unredacted exhibits to its motion to enforce the settlement. The exhibits in question contain information about the settlement agreement reached by the parties, including correspondence memorializing the agreed upon terms, the status of negotiations, revisions, and a letter explaining the terms. The exhibits do not, however, incorporate proprietary information, trade secrets, personal identifiers, or information revealing details concerning the business's governance, structure, contractual arrangements, finances, or other sensitive commercial matters that might warrant protection. While it is understandable that Plaintiff would want to keep confidential the details regarding the unconsummated settlement, the standard to maintain the confidentiality of documents filed on the public docket is stringent. The Court does not find the nature of these materials to weigh decidedly in favor of sealing.

In considering the public interest factor under Local Civil Rule 5.3(c) the Court observes that "the public's common law right of access to judicial proceedings and records . . . 'is beyond dispute.'" *Littlejohn v. Bic Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1066 (3d Cir. 1984)). The right of access "promotes public confidence in the judicial system by enhancing testimonial trustworthiness and the quality of justice dispensed by the court." *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 220 (3d Cir. 2011) (quoting *Littlejohn*, 851 F.2d at 677-78. A "'strong presumption' in favor of accessibility attaches to almost all documents created in the course of civil proceedings." *Id.* (internal quotations omitted). Beyond evidence, the common law right of access includes all judicial records and documents, "transcripts, evidence, pleadings, and other materials submitted by litigants . . ." *United States v. Martin*, 746 F.2d 964, 968 (3d Cir. 1984). Settlement agreements reached without court assistance or intervention do not count as "judicial records" but

4

once parties file a settlement agreement in court, the agreement becomes a judicial record with a presumption of accessibility. *Enprotech Corp. v. Renda*, 983 F.2d 17, 20-21 (3d Cir. 1993); *Bank of Am. & Nat'l Trust v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 345 (3d Cir. 1986). As the Third Circuit has confirmed, "'the court's approval of a settlement or action on a motion are matters which the public has the right to know about and evaluate.'" *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 220 (3d Cir. 2011) (quoting *Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986)). "Thus, 'settlement documents can become part of the public component of a trial' under either of two circumstances: (1) 'when a settlement is filed with a district court;' and (2) 'when the parties seek interpretative assistance from the court or otherwise move to enforce a settlement provision.'" *Id.* (quoting *Enprotech Corp. v. Renda*, 983 F.2d 17, 20 (3d Cir. 1993)). However, "this presumption is not absolute and may be rebutted[,]" *Tatum v. Chrysler Grp., LLC*, No. 10-4269, 2013 WL 12152408, at *2 (D.N.J. Aug. 19, 2013) (noting that a "[c]ourt may deny public access to judicial records if a movant can show good cause for keeping documents under seal"). Both circumstances are present in this case. Plaintiff filed the settlement-related documents on the docket and has specifically requested that this Court enter an order enforcing the terms of the settlement agreement By placing the terms of the settlement agreement on the docket in this manner, Plaintiff transformed a private contract into a public document. Consequently, the Court finds a presumptive right of access to this judicial record. *See Bank of Am. Nat. Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 345 (3d Cir. 1986) ("Having undertaken to utilize the judicial process to interpret the settlement and to enforce it, the parties are no longer entitled to invoke the confidentiality ordinarily accorded settlement agreements. Once a settlement is filed in

5

the district court, it becomes a judicial record, and subject to the access accorded such records.").

The Court next considers the private interest factor under Local Civil Rule 5.3(c). A party may have a significant privacy interest when it "would not have entered into the settlement agreement[ ] but for [an] assurance of confidentiality." *See LEAP Sys.*, 638 F.3d at 222. Further, Courts in this District have determined that a private interest warranting protection may arise under circumstances where "the confidentiality of business agreements, trade secrets or commercial information . . . can be used for the improper purpose of causing harm to the litigant's competitive standing in the marketplace." *Goldenberg v. Indel, Inc.*, Civ. No. 09–5202, 2012 WL 15909, *3 (D.N.J. Jan. 3, 2012); *see also Bracco Diagnostics, Inc. v. Amersham Health, Inc.*, Civ. No. 03–6025, 2007 WL 2085350, *5 (D.N.J. July 18, 2007) (finding that [m]aintaining competitiveness is a legitimate private interest which warrants sealing); *see also Mars, Inc. v. JCM Am. Corp.*, Civ. No. 05–3165, 2007 WL 496816, *2 (D.N.J. Feb. 13, 2007) (finding a legitimate privacy interest in sealing a "confidential business agreement not otherwise available to the public" when public disclosure of the information could have negatively affected the moving party's "negotiating position in its business"). Additionally, the Third Circuit has stated that it is "more likely to require disclosure when 'a party benefitting from the order of confidentiality is a public entity or official,' or when the judicial record 'involves matters of legitimate public concern.'" *Id.* (quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 778, 788 (3d Cir. 1994)). In this regard, "'[c]ircumstances weighing against confidentiality exist when confidentiality is being sought over information important to public health and safety, and when the sharing of

6

information among litigants would promote fairness and efficiency.'" *Id.* (quoting *Pansy*, 23 F.3d at 777). "Private interests can outweigh that public interest when justice so requires, particularly when [the matter] involves private litigants and encompasses matters of little legitimate public interest." *Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, No. CIV.A. 97-3496, 2010 WL 2680562, at *2 (D.N.J. June 30, 2010) (citing *Pansy*, 23 F.3d at 787–790 (3d Cir.1994)). In this case, while the term of settlement requiring confidentiality as well as the fact that this case involves two private litigants who apparently intended to enter into a confidential agreement demonstrate some private interest in sealing the information, the Court is unpersuaded that these reasons are sufficient to overcome the presumption of public right to access. *See Centennial Mill by Del Webb Community Association, Inc. v. Ply Gem Holdings, Inc.*, No. 1:17-cv-7675, 2018 WL 3085210, at *6 (D.N.J. June 22, 2018) ("This Court has repeatedly emphasized the public interest in the disclosure of materials filed on this Court's docket, which often outweighs private interests in confidentiality. This Court is funded by the public and does not sit, in general, to resolve private disputes in secret.").

Turning to the injury factor of Local Civil Rule 5.3(c)(3), the Court may seal information upon a "particularized showing that disclosure will cause a 'clearly defined and serious injury to the party seeking closure.'" *Securimetrics, Inc. v. Iridian Techs., Inc.*, No. 03-4394, 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006) (quoting Pansy, 23 F.3d at 786). "'[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning[,]" will not suffice to seal a judicial record. *Id.* "[F]ailure to put forth a specific and clearly defined risk of injury is fatal to any motion to seal." *Reilly v. Solar*, No. 1:16-CV-09446, 2021 WL 248872, at *5 (D.N.J. Jan. 26, 2021) (rejecting as "conclusory" the defendant's "assertion that the very nature of the information in

7

question would put [Defendant] at [a] competitive disadvantage in the solar industry and cause financial harm" and stating that "[t]he allegedly obvious and inherent harm that would come from public access to these documents may be clear to Defendant, but it is not clear to the Court, and it is not the Court's duty to manufacture such an explanation on its own"). Here, Plaintiff claims that "the parties will be harmed if the contents of the settlement agreement, and other writings and communications related thereto, become public because these documents contain specific details concerning the resolution of an underlying matter, including revealing attorney strategy." Dkt. 24-1 at *3. According to Plaintiff, the disclosure "cause the parties damage and threaten their future success." *Id.* at *4. The Court finds such broad, general, and conclusory assertions of harm are insufficient, however, to establish good cause. Plaintiff further asserts that "if the terms of the settlement agreement become public, such disclosure could potentially constitute a breach of the agreement by violating a term that the parties agreed was material to the agreement. *Id.* at *4. That may, or may not, be so.[1] Even assuming disclosure would jeopardize the enforceability of the parties' unconsummated agreement, more is necessary to seal court records. "Mere deprivation of the right to enforce a contractual obligation is not, without an additional showing of serious harm, sufficient to override the public's right of access to the courts." *Lederman v. Prudential Life Ins. Co. of Am.*, 385 N.J. Super. 307, 318, 897 A.2d 362, 369 (App. Div. 2006) (citing *Publicker Indus., Inc.*, 733 F.2d at 1071. It further bears mentioning that Plaintiff has not withdrawn the active motion and the Court is left to enter a ruling respecting the

---

[1] The Court is not aware that the alleged the assurance of confidentiality is a "but for" condition of settlement, and it is without an adequate evidentiary basis to draw conclusions regarding that term's ultimate bearing on the enforceability of the parties' unconsummated agreement in this context.

8

settlement. For these reasons, the Court finds that Plaintiff's general assertions of harm insufficient to satisfy its burden. *See In re Cendant Corp.*, 260 F.3d at 190 (3d Cir. 2001) ("[t]he burden is on the party who seeks to overcome the presumption of access to show that the interest in secrecy outweighs the presumption.").

Finally, the Court considers whether less restrictive alternatives are available. Plaintiff proposes sealing Exhibits A, C, F, and I, in their entireties, arguing that it has no other recourse than filing the present motion because the parties reached their agreement under the expectation that the communications and terms contained in the exhibits would remain protected. Notably, the confidentiality term agreed to during the settlement (as memorialized in counsel's June 28, 2022 email) merely provides that "The Parties agree that the settlement shall be kept confidential and will draft a clause to that effect." Dkt. 23, Exhibit A. On this point, the Court finds that Plaintiff has not articulated why the language of this confidentiality provision necessitates sealing of Exhibits A, C, F, and I on a wholesale basis, or why a redaction is unavailable as a viable, lesser restrictive alternative.

### IV. Conclusion

For the reasons set forth herein, Plaintiff's motion to seal [Dkt. 24] will be denied. An accompanying order will follow.

February 22, 2023

/s/ Joseph H. Rodriguez
Hon. Joseph H. Rodriguez, USDJ

9